UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WESLEY PETIPHAR,

      Petitioner,

v.                                 Case No.:    5:26-cv-175-SPC-PRL

WARDEN, USP COLEMAN I,

      Respondent.

_____/

**OPINION AND ORDER**

Petitioner Wesley Petiphar is a federal inmate proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). He challenges the validity of his 2017 conviction and enhanced sentence for one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, 851(a)(1), and the life sentence imposed. *See United States v. Petiphar*, No. 2:16-cr-81-SPC-DNF (M.D. Fla.). Petiphar's sentence was affirmed on direct appeal. *See United States v. Browdy*, 798 F. App'x 397, 403 (11th Cir. 2019). Petiphar's motion under 28 U.S.C. § 2255 was denied. *See Petiphar v. United States*, No. 2:21-

_____

[1] Because Petiphar is confined at USP Coleman I, this action was transferred from the Fort Myers Division to the Ocala Division. (Doc. 2).

cv-229, Doc. 14 (M.D. Fla. Jan. 18, 2022).   The Eleventh Circuit denied Petiphar's request to file a second or successive motion under 28 U.S.C. § 2255. *In re Petiphar*, No. 25-13086, 2025 U.S. App. LEXIS 25640, at *4 (11th Cir. Oct. 1, 2025).   In the present petition, Petiphar contends he is actually innocent of the enhanced mandatory sentence imposed and contends that the notice filed pursuant to 21 U.S.C. § 851 to enhance his sentence was improper.[2] (Doc. 1-1).

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255.   The "saving clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).   The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective."   *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).   *See also Jones v. Hendrix*, 599 U.S. 465, 470 (2023) (holding that § 2255(e) does not allow a prisoner asserting an intervening change in interpretation of a criminal statute to circumvent the Antiterrorism and Effective Death Penalty Act of 1996's restrictions on second or successive § 2255 motions by filing a § 2241

---

[2] The § 851 notice had the effect of increasing Petiphar's mandatory minimum sentence to 20 years, while his maximum sentence, regardless of the notice, was life.   *See Petiphar*, No. 2:16-cr-81, Doc. 188 (M.D. Fla. May 24, 2017); *see also* 21 U.S.C. § 841(b)(1)(A) (2016).

habeas petition).

The United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan,* 851 F.3d at 1079.

> [The Eleventh Circuit] gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 Proceedings.

In the present case, the Court does not have subject matter jurisdiction over Petiphar's claims because he is not entitled to pursue the relief he seeks under § 2241. Petiphar challenges the validity of his convictions and sentence, not the execution of his sentence, and therefore he cannot avail himself of the saving clause of § 2255(e). Petiphar serves just one sentence,

and his sentencing court remains available. *See* 28 U.S.C. § 89(b). Furthermore, to the extent that Petiphar relies on changes to what qualifies for penalty enhancements under § 851, his argument fails. Section 401 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, made changes to certain § 851 penalty enhancements for repeat offenders. In effect, it changed the type of prior offenses that can trigger enhanced penalties from "felony drug offenses" to "serious drug felonies." First Step Act § 401(a); 21 U.S.C. §§ 802, 841(b)(1)(A), (B) (2020). But § 401 plainly states that it does not apply to sentences imposed before December 21, 2018, the date of enactment. *See* First Step Act § 401(c) ("[T]he amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). Petiphar's sentence was imposed on December 19, 2017. *See Petiphar*, No. 2:16-cr-81, Doc. 454 (M.D. Fla. Dec. 20, 2017). In any event, a § 2241 petition that attempts to challenge the lawfulness of a prisoner's sentence based on the First Step Act "does not fit within the saving clause of § 2255(e)." *Orr v. United States*, 800 F. App'x 705, 706 (11th Cir. 2020).

Because Petiphar's first § 2255 motion was denied on the merits, he must seek authorization from the Eleventh Circuit to file a second or successive motion. *See* 28 U.S.C. § 2255(h). He has not met his burden that a § 2255 motion is inadequate or ineffective to invoke jurisdiction in this proceeding.

*See McCarthan,* 851 F.3d at 1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court.").   The Court thus dismisses this case for lack of jurisdiction.   *See also* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief).

Accordingly, it is now

**ORDERED:**

1. This above-captioned action is **DISMISSED without prejudice** for lack of jurisdiction.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies: Petitioner